## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-18-159-D |
| | ) | |
| DR. JAMES M. FERRIS, M.D., and | ) | |
| KATHERINE DOSSEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Katherine Dossey's Motion to Strike Surplusage;
Alternative Motion in Limine [Doc. No. 51], filed pursuant to FED. R. CRIM. P. 7(d).
Defendant James Ferris adopted the motion [Doc. Nos. 71, 75]. The United States has
responded [Doc. Nos. 70, 76]. The matter is fully briefed and at issue.

## BACKGROUND

Katherine Dossey, a licensed pharmacist, and Dr. Ferris, a licensed physician,
("Defendants") are charged in a 103-count Indictment with distributing controlled
substances outside the usual course of professional medical practice, in violation of 21
U.S.C. § 841(a)(1), and Medicare fraud, in violation of 18 U.S.C. § 1347. [Doc. No. 1].
Defendants argue that the Introduction to the Indictment [Doc. No. 1 at ¶¶ 1-9] is
surplusage and should be stricken because it defines the law of the case. "Even if accurate,"
Defendants assert that these paragraphs are prejudicial, confusing, and invade the province
of the Court by defining the law and the province of the jury by predetermining facts. In
the alternative, Defendants ask the Court to provide only a summary of the Indictment to

the jury without the legal definitions and citations. The United States asserts that paragraphs one through nine are clearly relevant to the charges at issue and are not inflammatory or prejudicial.

## STANDARD OF DECISION

Pursuant to FED. R. CIV. P. 7(d), a district court has the discretionary authority, upon a defendant's motion, to "strike surplusage from the indictment or information." Surplusage is generally defined as language in an indictment which "goes beyond alleging the elements of the offense." *United States v. Harper*, 579 F.2d 1235, 1239 (10th Cir. 1978). A court is not, however, required to strike all surplusage, as the decision to do so is discretionary. "Acting in its discretion, a district court *may* strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990) (emphasis added); *see also United States v. Brooks*, 438 F.3d 1231, 1237 (10th Cir. 2006) (a trial court "may strike from an indictment allegations which are both independent of and unnecessary to the offense on which a conviction ultimately rests.").

In *United States v. Gressett*, the defendant, who was charged with bank fraud, asked the court to strike as surplusage all references to alleged violations of federal regulations and internal banking policies. *Gressett*, 773 F. Supp. 270, 274 (D. Kan. 1991). The district court found that such references were relevant to the defendant's intent and motive in structuring the transactions, and denied the motion to strike surplusage. *Id*; *see also United States v. Simpson*, Case No. CR-09-249, 2011 WL 2880885, at *17 (N.D. Tex. July 15, 2011) (the defendant's assertion that the introduction of the indictment was surplusage

because it made statements about the law that were not elements of the offense did not amount to a showing that the surplusage was irrelevant, inflammatory, and prejudicial); *United States v. Salahmand*, Case No. CR-08-192, 2009 WL 10680698, at *1-2 (D.D.C. May 12, 2009) (references to medical licensing requirements and to the defendant's alleged failure to obtain licenses to write prescriptions for controlled substances were relevant and non-prejudicial, and thus, would not be stricken as surplusage); *United States v. Vogel*, Case No. CR-08-224, 2010 WL 2465359, at *3 (E.D. Tex. May 21, 2010) (language in the indictment was relevant to the charges against the defendants because the Controlled Substances Act incorporates state law to define what constitutes legitimate professional medical practice).

## DISCUSSION

Defendants seek to strike as surplusage paragraphs one through nine of the Indictment. The first paragraph explains that under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, controlled substances are listed according to Schedules. Paragraph two identifies Schedule II controlled substances by name. Paragraph three states that a licensed physician must have a Drug Enforcement Administration number to prescribe controlled substances. Citing to 21 C.F.R. §§ 1306.5(a) and (f), paragraph four describes the way a prescription for a controlled substance should be written.

Paragraph five, which cites to 21 C.F.R. § 1306.04(a), provides that "a prescription for a controlled substance … must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." [Doc. No. 1 at ¶ 5]. Responsibilities rest on both the prescribing physician and the pharmacist who

3

fills the prescription. Paragraph five further states that an order purporting to be a prescription that is not issued in the usual course of professional treatment is not a valid prescription, and "the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances." *Id*.

Paragraphs six, eight, and nine cite to corresponding Oklahoma state law provisions regarding the way a prescription for a controlled substance should be written. Paragraph seven again cites to the federal regulations and indicates that refilling a prescription for a Schedule II controlled substance is prohibited. 21 C.F.R. § 1306.12(a).

Section 841(a)(1) makes it "unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense … a controlled substance" unless that person is a registered person acting pursuant to a valid prescription. *See* 21 U.S.C. §§ 841(a)(1) and 822(b). For a prescription to be valid, it "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). Specifically, the United States must prove that (1) Defendants distributed or dispensed controlled substances; (2) Defendants acted knowingly and intentionally; and (3) Defendants' actions were not for legitimate medical purposes in the usual course of professional medical practice or were beyond the bounds of medical practice. *United States v. Schneider*, 704 F.3d 1287, 1295 (10th Cir. 2013); *see also United States v. Nelson*, 383 F.3d 1227, 1231-1232 (10th Cir. 2004) ("A practitioner has unlawfully distributed a controlled substance if she prescribes the substance either outside the usual course of medical practice or without a legitimate medical purpose.").

The United States argues that the language that Defendants want stricken goes directly to the third element, which alleges that Defendants distributed prescription narcotics outside the usual course of professional practice. The Court agrees that the language in question is relevant to the charges against Defendants. Further, the challenged language provides important and relevant information necessary to place Defendants' alleged actions in context. The Indictment alleges that Dr. Ferris signed stacks of blank prescriptions and gave them to Dossey, who in turn completed the blank prescriptions with information for Schedule II drugs and filled the prescriptions. "Dossey continued to write and 'refill' Schedule II prescriptions every 30 days as a 'standing order' without a specific prior request or direction by Ferris and without a request by the patient." [Doc. No. 1 at ¶ 25(e)]. The contested language includes federal regulations, addressing the standards for usual and professional practice by physicians and pharmacists and the legal parameters for writing and filling a valid Schedule II prescription.

Further, the references to Oklahoma law in the Indictment are relevant to the charges. The Controlled Substances Act incorporates state law to define what constitutes legitimate professional medical practice. *See Gonzales v. Oregon*, 546 U.S. 243, 270 (2006); *see also* 21 U.S.C. § 823(f) (The Attorney General can register a physician to dispense Schedule II controlled substances "if the applicant is authorized to dispense … controlled substances under the laws of the State in which he practices."); 21 C.F.R. § 1306.03(a) (To prescribe controlled substances, a doctor must be authorized "to prescribe controlled substances by the jurisdiction in which he is licensed to practice his profession.").

Moreover, Defendants do not assert that the statutory and regulatory language cited in the Indictment is inaccurate. "[B]ackground information that is relevant is not considered surplusage." *United States v. Colon-Ledee*, 785 F. Supp. 2d 1, 2 (D.P.R. 2010). The defendant in *Colon-Ledee* argued that the government's interpretation of the Bankruptcy Code was "a self-serving introduction" and should be stricken as surplusage. *Id*. The court, however, found that the defendant had failed to "point out any specific deficiencies or inaccuracies in the indictment's summary of bankruptcy law" and that the explanation of bankruptcy procedure was relevant to the charges. *Id.* at 2-3.

In addition, the Court finds that the language is not inflammatory, nor does it carry a substantial risk of prejudicing Defendants. Again, Defendants do not contend that the United States has misstated the law in the Introduction. Any potential prejudice resulting from the inclusion of the Introduction can be cured by appropriate limiting jury instructions. *See, e.g., United States v. Austin*, 1992 WL 738548, at *2 (10th Cir. Nov. 12, 1992) (unpublished)[1] (no prejudice where the district court instructed the jury that the indictment was not evidence and that the jury should consider only the evidence). It is the Tenth Circuit's view that "a proper covering instruction with respect to the indictment goes a long way toward curing any potential for prejudice created by giving the indictment to the jury." *United States v. Klein*, 93 F.3d 698, 704 (10th Cir. 1996). It is the practice of this Court in all criminal trials to provide limiting instructions regarding the Indictment, and the Court will do so in this case.

---

[1] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

**CONCLUSION**

Based on the foregoing, Defendant Katherine Dossey's Motion to Strike Surplusage; Alternative Motion in Limine [Doc. No. 51], which Defendant James Ferris adopted [Doc. Nos. 71, 75], is DENIED.

**IT IS SO ORDERED** this 20th day of August 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge